## MAX MILLER v. ABE S. GINSBERG.[1]

November 17, 1916.

Nos. 19,845—(47).

**Attorney and client — action for money received — verdict sustained by evidence.**

*Held* that the evidence sustains the verdict, and that there were no errors in the charge of the court, or in the rulings upon the admission of evidence.

Action in the municipal court of Minneapolis to recover $220 paid for defending plaintiff in a criminal case, and $200 for money paid under false representations. The case was tried before Montgomery, J., who when plaintiff rested denied defendant's motion to dismiss the first cause of action, and a jury which returned a verdict for $420. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*A. R. Chestnut, Cary & Phelps* and *L. K. Eaton,* for appellant.
*Gordon Grimes,* for respondent.

[1]Reported in 159 N. W. 950.

TAYLOR, C.

Plaintiff, a Polander who understood and spoke English quite imperfectly, was arrested by a policeman of the city of Minneapolis and lodged in the city jail on the night of November 4, 1914, on the charge of stealing a sum of money from one Smisko, but without a formal complaint having been filed against him in court. The next morning defendant, an attorney at law, visited him at the jail and engaged to defend him for the sum of $220, which sum plaintiff procured and paid him. On the following day, November 6, plaintiff was brought to trial in the municipal court on a charge of petit larceny. The cross-examination of the complaining witness, Smisko, developed the fact that the amount of money claimed to have been stolen was large enough to raise the offense from petit larceny to grand larceny and take it out of the jurisdiction of the municipal court. Thereupon the charge of petit larceny was dismissed on motion of the prosecuting attorney, but plaintiff was retained in custody and a charge of grand larceny entered against him. Thereafter plaintiff, through the witness Genadek, furnished defendant the sum of $500 to be used as cash bail. The court fixed the bail at $300. Defendant deposited this sum in court and retained the remaining $200 which he had received. Plaintiff was indicted, and his case set for trial on November 23. He assured defendant, at all times, that he was innocent of the crime charged against him. He claims that, before the time set for the trial, defendant demanded more money, and, on being informed that plaintiff had no more money, told him he had better leave the town and forfeit his bail, and if he didn't he would get ten years in the penitentiary; that he did not leave but appeared at the court house on the date set for the trial; that defendant met him in the corridor outside the door of the court room a few minutes before the case was called and said to him: "You God damn fool, are you here yet? Why don't you get out? If you don't you'll get ten years;" and that, in consequence of the statements and instructions of defendant, he thereupon left the city and forfeited his bail.

In his complaint in the present case, plaintiff sets forth two causes of action. In the first, he seeks to recover back the $220 paid defendant for defending him in the criminal case, on the ground that defendant failed and refused to perform the duties devolving upon him as plaintiff's at-

torney. In the second, he alleges that defendant falsely and fraudulently represented to him that his bail had been fixed at the sum of $500; that believing and relying upon such representation he caused that sum to be given to defendant; and that his bail was in fact fixed at the sum of $300. He seeks to recover back the sum of $200 retained by defendant out of the $500 furnished for bail purposes. The jury returned a verdict for plaintiff upon both counts. Defendant made a motion for a new trial and appealed from the order denying his motion.

Defendant contends that the evidence does not sustain the verdict. He admits receiving the $220, in advance, to defend plaintiff; he also admits that, after the charge of petit larceny was dismissed and plaintiff had been rearrested on the charge of grand larceny, he received the further sum of $500, that the bail was fixed at $300, and that he deposited this sum in court and retained the remaining $200. But he emphatically denies representing that the bail was fixed at $500, or directing or advising plaintiff to abscond and forfeit his bail. Defendant also claims that, when the charge of petit larceny was dismissed, he had performed his original contract and earned the $220; that, after plaintiff had been rearrested, he made a new contract with plaintiff to defend him in that proceeding for the sum of $500; and that it was agreed that the original $220, and also the $200 remaining of the bail money, should be applied thereon. His testimony in support of these contentions was corroborated by that of his associate, Mr. A. M. Cary. Plaintiff testified that the only contract made, was that made when the $220 was paid, and by which defendant agreed to defend him for that sum. He explicitly denied making any further or new agreement. His testimony also fully supports his claims, previously stated, in respect to the bail money, and in respect to the advice to abscond and forfeit his bail, and is corroborated by that of the witness Genadek, who furnished a considerable part of the bail money, and was with him when the alleged conversations took place. The evidence was conflicting and clearly made the case, as to both causes of action, one for the jury and not for the court.

Defendant further contends that the court made several errors in its charge to the jury. None of these contentions can be sustained. The court stated the law governing the relation of attorney and client correctly, and made a clear and correct application of it to the issues in the

case, and submitted such issues to the jury with entire fairness to defendant.

We find no prejudicial error in the rulings upon the admission of testimony.

Order affirmed.